OPINION of the Court, by
Ch. |. Boyle.-
This was an act|0n upon the case for a deceit. The i.'l Ait'.ff i-n the action alleges in suostance, that on the t th day 0f September 1809, he gave to the defendant his obli-gatioo, to deliver by the 25th of December next there-°r 7 - after, a negro man, between the age of 16 and 25, equal ⅛ value to a negro man by the name of Moses, belong-t0 James M’Cailister ; that at the time of executing the obligation, the plaintiff knew nothing of Moses, or his value ; that the defendant well knowing the value 0f Mosts, artfully, deceitfully and with an intent to induce the plaintiff to enter into the contract, represented to him that Moses was at most not worth more than 2» 450, when in truth and in fact he was worth $ 500 ; that the plaintiff, relying with confidence upon the representation of the defendant, was induced thereby te enter into the said obligation ; that intending to be faithful in the performance of his contract, the plaintiff procured and tendered to the defendant, a negro man, who, from the representations made by Ac defendant, of Moses, was equal in value to him, and in every other particular answering the description required by the contract ; but that the defendant refused to receive him, alleging him to be of less value than Mases ; that the defendant afterwards commenced an action against him, the plaintiff, on his obligation, and on the trial gave evidence that Moses was of the value oí ⅞ 500, and recovered a verdict and judgment accordingly ; which judgment has been fully paid and satisfied. By me»» *603 ©Í all which premls.es the plaintiff avers he hath been damaged, and therefore sues* . -
The defendant pleaded not guiltv, upon which issue was, joined, and the plaintiff had a verdict aod judgment ; to reverse which this: writ of error is prosecuted by the defendant.
The only point which will be necessary to be decided is, whether the declaration contains matters, sufficient in law to maintain the action ?
The misrepresentation of the Value of Moses, is ⅛¾ git of the action. That a misrepresentation or suggestion of a falsehood with respect to a fact of tins fond, whereby another is deceived, is a violation of good faith, and consequently a deviation from the rules of moral rectitude, must be admitted. It how< ver does not necessarily follow, that it is sufficient to induce a right of action. There are many instances in which a person may be guilty of a moral delinquí ncv, without incutring a legal responsibility ; for legal obliganons are necessarily more circumscribed in their nature thau moral duties. Fides servanda is indeed a rule of law, as well as of morality, and will be rigorouriv enforced in favor of one who is chargeable #.kh no culpable neg iigence or inattention to his own interest. But to one so chargeable, the law will not afford relief. Thus it has been decided, that no relief lies, against a vendor for having falsely affirmed that a person bid a particular sum for the estate, although the vendee was thereby induced to purchase, and was deceived in the value of the estate (a) —.Sugden 3, 1 Comyn’s Dig. 243, and 1 Roll. Abr. 101; 1 Sid, 146 there cited. Nos will an action lie for a false affirmation of value, as ll the seller affirms that land or jewels are of so much value, when they are not ; for it is deemed, the purchaser’s:own folly to credit a nude assertion of that nature. Besides, value consists in judgment and estimation, in which many men may differ — See the authorities, before cited. These cases have always been considered good law, and in principle they are not distinguishable from the one fee fore the court. The law does not deny its aid in such, ease, because it looks upon a want of candor and since-. *604 fity with indulgence, hut because it will not encourage that indolence and inattention, which are no less pernicious to the interest of society. ( A diligent attention to our own concerns, as well as good faith to others, is a virtue ; and the law, while it recognizes the rules which , tend to preserve the latter, at the same time is careful to guard the principles which prompt to the exercise ot the former, j With respect to points plainly within the reach of every man’s observation and judgment, and where aa ordinary attention would be sufficient to guard against imposition, the want of such attention is, to say the least, an inexcusable negligence. To one thus supinely inattentive to his own concerns, and improvidently and credulously confiding in the naked and interested assertions of another, the maxim “ vigijantibus nan dor-mientibus jura subveniunt” emphatically applies, and opposes an insuperable objection to hi» obtaining the aid of the law.
The ignorance of the plaintiff in this case with respect to the value of Moses, adds no strength to his claim, Moses belonged to a third person, and for aught that appears was as accessible to the plaintiff as the defendant. Besides, if it were the intention of the parties that the plaintiff should not have been bound to deliver a negro of greater value than he alleges the defendant represented Moses, it was easy to have made Ms engagement according to a stipulated price, instead of referring to an uncertain standard, of which he was ignorant ; and not to have done so must be ascribed to a want of that vigilance and attention, which all men ought to bestow upon their own affairs.
The declaration therefore shews no cause of action, and the judgment is consequently erroneous, and must lie reversed.

 Vide acc. 2 Croke, Bayley vs. Merrel, 386—2 Cain's N. Y. Rep. Sexias vs. Wood, 48—Salk 211, Yelverton 20, Bull. N, P. 31—1 Fenb. 379, note a—Gimblin vs. Harrison, Pr. Dec. 372.